James Coleman

v.

City of Elgin.

*Municipal Corporations—Recovery by Police Magistrate for Money Spent for Office Rent.*

1. While municipal corporations may, under their general powers, provide convenient places for the purpose of holding courts for the trial of offenders against police regulations and criminal laws of the State, and defray the incidental expenses of the operations of such courts, whereby both the State laws and the ordinances of the city may be more efficiently and conveniently enforced, there is no absolute duty imposed upon cities to make such provision.

2. Where a police magistrate rents an office and pays the expenses thereof without the authority or sanction of the city, there being no

absolute duty upon its part to provide an office and pay the expenses thereof, he can not make the city his debtor without its consent.

3. It is the duty of such officer to provide a place for the performance of his official duties, unless the city sees fit to furnish an office for him.

4. Where an ordinance provides for the making, by such officer, of monthly reports, and he voluntarily complies therewith by furnishing them, no provision being made for any fee or compensation therefor, he can not recover for so doing.

5. While a city has the same right to inspection of the docket of such magistrate, and information as to its litigations, that any other suitor has, it has no right to require of him, as a duty, to furnish such reports as it might dictate.

[Opinion filed May 20, 1892.]

Appeal from the City Court of the City of Elgin, Illinois; the Hon. R. P. Goodwin, Judge, presiding.

Messrs. John A. Russell and James Coleman, for appellant.

Messrs. Charles H. Fisher, City Attorney, and Irwin & Egan, for appellee.

Mr. Justice Cartwright. This is a suit by appellant to recover from appellee for money paid by him for office rent and for gas and coal for his office as police magistrate, and for making out forty-eight monthly reports for the city clerk of the city of Elgin. The case was tried without a jury in the City Court, and there was judgment for appellee.

Appellant was a police magistrate, elected in the city of Elgin, and served as such from May 6, 1886, up to April 26, 1890. An ordinance of the city provided that the police magistrate should have his office in such part of the city hall building as the city council should assign for that purpose; and that he should hold one session of court daily, Sundays and holidays excepted, which session of court should commence at half-past eight o'clock A. M. The

ordinance also provided for the payment, by the city, of the fees of the police magistrate in city cases under certain conditions, and that he should monthly make a written report to the city clerk of such cases, and of money received and collected by him during the month, and should pay over to the city treasurer at the close of every month all moneys received and collected by him as such magistrate for the city.

The city furnished appellant an office room in the building used in part for a court house and city offices up to November 15, 1887, when the building was sold by the city. At the time of that sale, a resolution of the city council was passed designating the city hall building as the office of police magistrate and the place for holding police court. Appellant moved his office into a room in the city hall building occupied by other city officers, and tried some cases there, but finding it unsuitable for the purpose, he removed to another building in which he rented an office. He occupied this office from November 15, 1887, to April 26, 1890, and paid the rent therefor, amounting to $348, and also expended $82.60 for coal and $58.80 for gas. The amount so paid, together with the charge of $240 for making monthly reports to the city clerk, constituted appellant's claim in this suit, amounting in the aggregate to $729.40.

In each of these years the annual appropriation bill of the city included an item, under a single head, for heating the marshal's and police magistrate's office and court room, and a like item for lighting the city marshal's and police magistrate's office and court room. The claim for office expenses is founded upon the supposed duty of cities to furnish an office for police magistrates elected within such cities; and it is contended that such duty exists, with a corresponding right of control by such cities over police magistrates as city officers. Conceding that cities may, under their general powers, provide convenient places for the purpose of holding courts for the trial of offenders against police regulations and criminal laws of the State, and defray the incidental expenses of the operation of such court, such as heating and lighting such office, whereby

Coleman v. City of Elgin.

both the State laws and the ordinances of the city may be more efficiently and conveniently enforced, there is no absolute duty imposed upon cities to make such provision. If the furnishing of an office for the police magistrate and defraying the expenses of such office is regarded as a legitimate corporate purpose for which the city might become liable, there was no action of the city creating any such liability.

The items in appropriation bills were not for heating or lighting the office in question. Appellant rented the office and paid the expenses without the authority or sanction of the city, and there being no absolute duty he could not make the city his debtor without its consent.

Police magistrates have the same jurisdiction, civil and criminal, as justices of the peace. Appellant was not confined in his business, or the uses of his office, to the trial of cases to which the city was a party. It was a necessity to him that he should have an office for the transaction of his business generally. The law allowed to him fees as compensation for the performance of his official duties, and it was his duty to provide an office or place where such duties might be performed, at least unless the city saw fit to furnish an office for him. So far as the claim for making reports is concerned, it appears that during his term he never made any charge against the city on that account, and first made such claim during the trial of this suit. The reports were designed to furnish a statement of accounts between himself and the city for the purpose of information to the city officers and settlement with him. The city ordinance provided for the making of such reports, but did not make provision for any fee or compensation therefor and he voluntarily complied with the ordinance by furnishing them.

Police magistrates are officers provided for by the con stitution, in whom, together with courts therein mentioned and justices of the peace, the judicial powers of the State are vested. They are part of the judiciary of the State, to be elected in such districts as are provided by law. Cities

are litigants before them, having the same rights and privileges as other suitors, but with no authority or control over them. The city had the same right to inspection of his docket and information as to its litigations that any other suitor had, but had no right to require of him, as a duty, to furnish such reports as it might dictate. The reports were evidently furnished for mutual convenience, without any intention on the part of appellant to make any charge therefor, or any provision on the part of the city for payment or intention to make payment for them. The judgment of the City Court will be affirmed.

*Judgment affirmed.*